IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                    Case No. 4:22-cr-00301-KGB-1

ANTHONY ROGERS                                                    DEFENDANT

## ORDER

Defendant Anthony Rogers was initially indicted on November 1, 2022 (Dkt. No. 3).  He was detained with a right to an immediate bond hearing at a later date (Dkt. Nos. 69, 80).  United States Magistrate Judge Joe J. Volpe conducted a bond hearing on November 16, 2022 (Dkt. Nos. 80, 106).  After the hearing, Judge Volpe issued an order of detention pending trial determining that, in this presumed detention case pursuant to 18 U.S.C. § 3142(e), Mr. Anthony Rogers failed to overcome the burden of production because Judge Volpe found the evidence relating to the proposed release plan wholly unreliable (Dkt. No. 108, at 1).  Mr. Anthony Rogers appeals Judge Volpe's detention decision (Dkt. No. 344).  The government responded in opposition (Dkt. No. 348).  The Court conducted a hearing on the appeal (Dkt. Nos. 394, 395).  For the following reasons, the Court determines that Mr. Anthony Rogers should remain detained pending trial.

I.      Procedural Background

On May 3, 2023, prior to this Court convening a hearing on Mr. Anthony Rogers's appeal of Judge Volpe's detention decision, Mr. Anthony Rogers, along with many other named defendants, was charged in a multi-count superseding indictment (Dkt. No. 357).  The superseding indictment charged Mr. Anthony Rogers in count one with voluntarily and intentionally conspiring with other named defendants, and with others known and unknown to the grand jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing

a detectable amount of cocaine, a Schedule II controlled substance; a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; a mixture and substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance; and marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. As to Mr. Anthony Rogers's charges, for count one, the amount alleged in the superseding indictment is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine; 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine; 40 grams or more but less than 400 grams of a mixture and substance containing a detectable amount of Fentanyl; and 1,000 kilograms or more of marijuana. Mr. Anthony Rogers is charged in count two, along with co-defendants, and in count five with knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Mr. Anthony Rogers is charged in counts six and 14 with knowingly and intentionally attempting to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D). Mr. Anthony Rogers is charged in count 19 with knowingly and intentionally using a communication facility, that is a telephone, in committing, causing, and facilitating a conspiracy to distribute and to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 as set forth in count one of the superseding indictment.

Given the charges, this is a presumed detention case pursuant to 18 U.S.C. § 3142(e), meaning it is presumed that Mr. Anthony Rogers is a danger to the community and risk of flight based on the nature of the charges. Mr. Anthony Rogers was required to come forward with some evidence, meeting the burden of production, at the initial detention hearing before Judge Volpe.

At that hearing, Mr. Anthony Rogers presented his sister Vivian Rogers-Anthony as his potential third party custodian. After hearing the evidence presented, Judge Volpe concluded that Mr. Anthony Rogers failed to overcome the burden of production as evidence relating to the proposed release plan was wholly unreliable (Dkt. No. 108, at 1). Judge Volpe remanded Mr. Anthony Rogers to the custody of the United States Marshal (*Id.*).

At the hearing conducted by this Court, the Court reviewed the entire record *de novo* and received additional evidence, testimony, and argument. At the hearing conducted by this Court, Mr. Anthony Rogers proposed his brother, Curtis Rogers, as a potential third-party custodian. This Court received testimony from Ms. Rogers-Anthony and Mr. Curtis Rogers at the hearing. Ms. Rogers-Anthony testified that her brother Mr. Anthony Rogers resided with her for some period prior to the alleged instant offense. She admitted that Mr. Anthony Rogers abused alcohol and other drugs while residing with her and that he could be violent and threatening when under the influence of substances. She acknowledged that Mr. Anthony Rogers has been incarcerated previously. Her testimony was not clear as to whether Mr. Anthony Rogers has in the past complied with all court-ordered conditions of release. The government presented some evidence that Ms. Rogers-Anthony may have been involved in picking up and dropping off money for Mr. Anthony Rogers during the events alleged in the superseding indictment.

Mr. Curtis Rogers lives alone in the country, has no prior felony convictions, has a firearm, and has been employed by the Arkansas Department of Correction for over 22 years. He works 12-hour shifts, generally overnight, and sleeps during the day. He works two days on, two days off, and then every other weekend. When Mr. Curtis Rogers is not at home, no one would be home with Mr. Anthony Rogers. Mr. Curtis Rogers stated that he does have cameras at his home and that his closest neighbor is approximately one-half mile away. Mr. Curtis Rogers disclaimed any

knowledge of the charges Mr. Anthony Rogers is facing in this superseding indictment but admitted that he generally is aware that Mr. Anthony Rogers has a prior criminal record.  Mr. Curtis Rogers admitted that he knows Mr. Anthony Rogers has not always followed the rules.  Mr. Curtis Rogers stated that he knows nothing about drugs.  As alternatives to custody, Mr. Anthony Rogers proposed to this Court that he be released to his brother Mr. Curtis Rogers's custody or that Mr. Anthony Rogers participate in in-patient treatment; that Mr. Anthony Rogers actively seek and maintain employment; that Mr. Anthony Rogers be on home detention with electronic monitoring; and that Mr. Anthony Rogers refrain from possession and use of alcohol and other controlled substances.  Mr. Anthony Rogers maintains that before this, when faced with sentences of imprisonment, Mr. Anthony Rogers self-reported for custody and argues that he should be permitted to do so here.

## II.      Standard of Review

The Bail Reform Act of 1984 provides that, if a person is ordered detained by a magistrate judge, that person may file with the district court a motion for revocation or amendment of the order.  18 U.S.C. § 3145(b).  The review by the district court is *de novo*.  *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985).

The Eighth Circuit has explained that, in most circumstances,

[c]onsistent with the intent expressed in the legislative history, the statutory scheme of 18 U.S.C. § 3142 continues to favor release over pretrial detention.  Section 3142 provides four alternatives from which the judicial officer must choose:  (1) release on personal recognizance or unsecured appearance bond, or (2) release subject to certain conditions, or (3) temporary detention to permit, among other things, revocation of conditional release, or (4) pretrial detention.  The judicial officer most often will be deciding between the first and the second alternatives.  The statutorily mandated progression from one choice to the next is critical:  a judicial officer cannot determine that a detention hearing and the possible imposition of pretrial detention is appropriate merely by determining that release on personal recognizance will not "reasonably assure" the defendant's appearance at trial or "will endanger" the community.  The judicial officer must also consider whether

one of the codified conditions or any combination of the conditions will "reasonably assure" the defendant's appearance and the safety of the community. The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention.

*United States v. Orta*, 760 F.2d 887, 890-91 (8th Cir. 1985).

Due to the nature of the charges, it is presumed that no condition or combination of conditions would reasonably assure Mr. Anthony Rogers's appearance or the safety of the community. 18 U.S.C. § 3142(e). "In a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

If the Court finds by a preponderance of the evidence that the defendant is a risk of flight or by clear and convincing evidence that the defendant is a danger to the community, the Court may detain the defendant. *Orta*, 760 F.2d at 891. The factors to be considered under 18 U.S.C. § 3142(g) include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to persons in the community that would exist if the defendant was released. 18 U.S.C. § 3142(g).

Pursuant to 18 U.S.C. § 3142(e)(1), "[i]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

5

### III.     Analysis

The parties agreed that this Court could consider as evidence on appeal the transcript of the hearing before and all evidence presented to Judge Volpe and that each party could present evidence anew at the appeal hearing, as though that was the first hearing. *See United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990) (determining that the court independently makes its own *de novo* determination of the facts and the propriety of detention without deference to the magistrate judge's findings or conclusions and that the court may conduct evidentiary hearings if "necessary or desirable"); *United States v. Walters*, 89 F. Supp. 2d 1217, 1219–20 (D. Kan. 2000) (explaining the district court is not required to "start from scratch" but instead may incorporate the record of the proceedings conducted below or open up the proceedings to take more evidence); *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (concluding that the court may incorporate the record of the detention hearing conducted by the magistrate judge).  The Court has considered *de novo* all evidence, testimony, and argument presented by the government and Mr. Anthony Rogers.

Mr. Anthony Rogers seems to argue that his ties to the community rebut the presumption in this case (Dkt. No. 344, at 11–13).  Mr. Anthony Rogers may be a long-time resident of Pine Bluff, Arkansas, but the Court understands that co-defendants in this case include a brother and nephew of Mr. Anthony Rogers.  Further, the Court heard evidence from the government that Mr. Anthony Rogers's sister, Ms. Rogers-Anthony, may have been involved in certain events underlying the superseding indictment, but the Court acknowledges that she is not presently a named co-defendant in this case.  Ms. Rogers-Anthony described Mr. Anthony Rogers's past behavior while residing with her at times and while under the influence of substances as violent and unpredictable.  Pretrial Services Reports substantiate her description of his conduct.  Mr.

Anthony Rogers has relatively little work history, having sold clothing he obtained elsewhere and attempting to get a night club up and running, and that work history raises more questions about his activities both in his community and out of state in the light of the charges now pending against him.

Moreover, the proposal that Mr. Anthony Rogers be left unsupervised for extended periods in the home of his brother Mr. Curtis Anthony is not suitable.  Mr. Anthony Rogers is alleged to have used a telephone to engage in drug trafficking, and the proposed release plan does not address this conduct that poses a danger to the safety of the community.  Even if the Court were to impose home detention with electronic monitoring, this concern about Mr. Anthony Rogers's conduct remains.  Requiring Mr. Anthony Rogers to attend in-patient drug treatment in an available facility also does not satisfactorily address the Court's concerns.

For these reasons, the testimony presented at the detention hearing before Judge Volpe was not reliable nor was any testimony, evidence, or argument presented at the hearing conducted by this Court sufficient to meet the burden of production.  Based on a *de novo* review of the entire record, the Court determined at the hearing that Mr. Anthony Rogers failed to meet the burden of production.

Even if Mr. Anthony Rogers could meet the burden of production and rebut the presumption in this case, the Court when weighing the presumption against all of the other evidence about Mr. Anthony Rogers related to the factors to be considered under 18 U.S.C. § 3142(g) determines that detention is appropriate.  The factors include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to persons in the community that would exist if the defendant was released.  The Court has considered each of these factors separately and collectively.

After considering the matter, this Court determines that no condition or combination of conditions will reasonably assure the appearance of Mr. Anthony Rogers as required and the safety of any other person and the community, so Mr. Anthony Rogers must be detained pending trial. As explained, the proposal that Mr. Anthony Rogers be left unsupervised for extended periods in the home of his brother Mr. Curtis Anthony is not suitable, nor is the proposal that he attend in-patient substance abuse treatment suitable. The Court also has considered whether Mr. Anthony Rogers should be released on conditions such as electronic monitoring, curfew, weekly reporting, or whatever else might satisfy the Court during the pendency of the case.

The government has come forward with evidence in its response in opposition to Mr. Anthony Rogers's filing regarding the nature and circumstances of this offense and that evidence consists of Title III wiretaps regarding Mr. Anthony Rogers's alleged criminal activity, as well as his nature and characteristics. Along with engaging in drug transactions related to distribution of the controlled substances alleged in the superseding indictment, Mr. Anthony Rogers also was intercepted making repeated threats of violence to individuals he felt owed him money. The Court also has reviewed the Pretrial Services Reports regarding Mr. Anthony Rogers. Moreover, in the response filed in opposition, the government details Mr. Anthony Rogers's conduct related to his prior arrests and the behavior he displayed toward law enforcement.

The Court determines that open lines of communication with the Court and all court personnel, honesty, and keeping your word are paramount if pretrial detention with restrictions such as those counsel for Mr. Anthony Rogers suggests and this Court has considered are to be reasonably successful. It is also important that the defendant demonstrate a willingness to abide by the terms and conditions imposed by the Court. In the past, as demonstrated by his two terms of prior federal supervised release being revoked, Mr. Anthony Rogers has not complied with

conditions imposed by courts.  Further, Mr. Anthony Rogers has several prior misdemeanor convictions for failure to appear.  In addition, the government has demonstrated that after posting bond for certain offenses, Mr. Anthony Rogers is alleged to have engaged in more criminal conduct.  The Court weighs this against the representation that Mr. Anthony Rogers was permitted to self-report twice before for terms of imprisonment for prior drug offenses.  Therefore, even if Mr. Anthony Rogers could rebut the presumption in this case, the Court when considering the evidence *de novo* and weighing the presumption against all of the other evidence about Mr. Anthony Rogers related to the factors to be considered under 18 U.S.C. § 3142(g) determines that detention is appropriate.

### IV.     Conclusion

Based upon the Court's *de novo* review of the evidence, testimony, and argument in this case, the Court determines that Mr. Anthony Rogers failed to meet the burden of production in this presumed detention case.  Alternatively, even if Mr. Anthony Rogers could meet the burden of production, the Court determines by a preponderance of the evidence that it is unlikely that Mr. Anthony Rogers will now abide by the terms of any pre-trial release and that there are no conditions of release that will reasonably ensure his appearance at future Court proceedings. Further, the Court determines by clear and convincing evidence that Mr. Anthony Rogers is a danger to the safety of the community and that no conditions of release will reasonably ensure the safety of the community pending further Court proceedings.

For these reasons, the Court determines that Mr. Anthony Rogers shall be detained in the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  He must be afforded a reasonable opportunity to consult privately with

defense counsel.  On Order of this Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Mr. Anthony Rogers to the United States Marshal for court appearance.

It is so ordered this 16th day of June, 2023.

_____
Kristine G. Baker
United States District Judge